Dear Mr. Shelton:
You have requested an opinion of the Attorney General regarding the collection of delinquent parcel fees by the Crowville Fire Protection District (District). You specifically ask what procedure should be followed to legally enforce the collection of delinquent parcel fees.
In answer to your question, we refer you to R.S. 40:1505
which provides, in pertinent part, as follows:
 § 1505. Parcel fee; submission to voters
 A. (1) Each district may levy and collect a parcel fee within its boundaries which shall not exceed one hundred dollars per parcel per year, which parcel fee shall be imposed by resolution or ordinance of the governing authority of the district only after the question of the imposition of the parcel fee and the purpose, rate, and duration of the parcel fee has been approved by a majority of the voters of the district voting at an election held therein Any parcel fee imposed pursuant to this Section shall be levied and collected and be due and owing annually. Such fee may be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes.
 (2) If any parcel fee is not paid when due, such district shall proceed against the parcel for the collection of the amount of the fee unpaid and delinquent, any collection costs incurred by such district plus interest at a rate not exceeding twelve percent on the unpaid amount of the parcel fee, and in the event legal proceedings are necessary to effect collection, court costs and reasonable attorney's fees. However, attorney's fees shall be payable by the parcel owner only if demand by the governing authority of such district has been made on the parcel owner by registered or certified mail, and such parcel owner has failed to pay the amount due within ten days after such demand.
 (3) A judgment obtained for nonpayment of a parcel fee, upon being recorded in the mortgage records in the parish in which a district is located, shall prime all other liens except those for taxes and prior recorded local or special assessments
 (4) Alternatively, the lien authorized by this Subsection may be enforced by assessing the amount of the lien against the immovable as a tax against the immovable, to be enforced and collected as any ordinary property tax lien to be assessed against the property. The lien may be collected in the manner fixed for collection of taxes and shall be subject to the same civil penalties for delinquencies. After the governing authority of a fire protection district has incurred such costs and expenses as constitute the lien on the property, including any cost of court, attorney fees, and interest, the governing authority may send an attested bill of such costs and expenses to the assessor of the parish in which such district is located, who shall add the amount of the bill to the next tax bill of the property owner.
Initially, it should be noted that the Louisiana Supreme Court had classified a parcel fee as a "specific tax". See Acornv. City of New Orleans, 377 So.2d 1206 (La. 1979) rehearing denied.
As can be seen from Section 1505, the parcel fee shall be levied and collected on an annual basis, and may be carried on the tax rolls for the parish in which the district is located (i.e., Franklin Parish) and collected at the same time as parish ad valorem taxes. The law further empowers the District to proceed against the parcel for the collection of delinquent fees, including collection costs, interest and, if necessary, court costs and reasonable attorney's fees. The recovery of attorney's fees is predicated upon notification of the parcel owner by registered or certified mail. A judgment for nonpayment of a parcel fee, upon being duly recorded, shall operate as a lien upon the property. The lien may be enforced by assessing same as a tax against the immovable property, and collected in the manner established for the collection of taxes.
This office has previously recognized that if parcel fees are levied pursuant to Section 1505 and are carried on the parish tax rolls, the subject property can, if the fees become delinquent, be seized and sold at a tax sale. Attorney General Opinion No. 94-92.
Care should be taken by the District in the levy, collection and enforcement of the parcel fee, in question, so that all requirements set forth in Section 1505 (e.g., notice, recordation, etc) are followed. The District may wish to coordinate its efforts, through its legal adviser, with the assessor, sheriff, and/or other appropriate authorities.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj